# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **AMES HARDT**, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| **EVOLVE LAB, LLC.** | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff, Ames Hardt ("Hardt"), for their Complaint against Defendant Evolve Lab, LLC ("Evolve"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the copyright laws of the United States, title 17 of the United States Code. This action seeks a declaration that Hardt does not infringe any copyright held by Evolve.

2. This is a declaratory judgment action arising under the Defend Trade Secret Act, 18 USC § 1836 and the Illinois Trade Secrets Act. This action seeks a declaration that Hardt has not misappropriated any Evolve trade secret and is not liable for trade secret misappropriation under the Defend Trade Secrets Act and the Illinois Trade Secrets Act.

3. Evolve has claimed and continues to claim that Hardt misappropriated Evolve trade secrets purportedly related to a Revit® application which Evolve calls "Veras." But these purported trade secrets consist of information that has been made publicly available and/or are

based on publicly available information and the work of others. Likewise, Evolve has further claimed and continues to claim that Hardt has committed copyright infringement of the associated Veras® and Revit® codebases, but Evolve's assertions are baseless. Hardt has not copied or misappropriated any of Evolve's purported intellectual property because, among other things, the work purportedly subject to copyright protection is an unprotectable codebase which is not an original work of authorship and does not possess any element of creativity.

4. This is a declaratory judgment action seeking a declaration that Hardt has not breached any obligations under any employment-related contract related to "confidential information" and is not liable for breach of contract under Illinois law.

5. This is an action for copyright misuse arising under the copyright laws of the United States title 17 of the United States Code as well as principles of equity developed under common law. This action seeks a judicial determination and declaration that Evolve has engaged in unlawful copyright misuse.

6. This action also seeks a judicial determination and declaration that Hardt has not tortiously interfered with any contract or business expectancy of Evolve under law.

7. Evolve has created an actual, substantial, and immediate controversy by threatening litigation over alleged copyright infringement, tortious interference, breach of contract and trade secret misappropriation and by demanding that Hardt cease and desist in alleged unlawful behavior. Evolve's threats have created an actual substantial and immediate controversy over the rights and other legal relationships between the parties, and judicial declarations confirming that Hardt's conduct is lawful and appropriate.

**PARTIES**

8. Plaintiff is an Illinois citizen who resides in Cook County, Illinois.

9. Based on information and belief, Evolve is a Colorado Limited Liability Company with its registered agent and principal place of business located at 6021 E Mineral Pl, Centennial, CO, 80112.

**JURISDICTION & VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 because this action arises under the laws of the United States including 17 U.S.C. §§ 101 *et seq*.; and 18 U.S.C. § 1836(c). This Court has supplemental jurisdiction over the remaining claims asserted herein pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as the federal claims.

11. A substantial immediate and real controversy exists between the parties concerning the rights and legal relations of the parties warranting the issuance of a declaratory judgment. Evolve has threatened a lawsuit and taken other action to disparage Hardt and their ability to work.

12. This Court has personal jurisdiction over Evolve because it operates in Cook County, Illinois and employed Hardt in Cook County, Illinois.

13. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because Plaintiff Hardt resides in this District and Division and because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## FACTUAL BACKGROUND

### Autodesk and Revit®

14. Open source software -- software with source code that is available for anyone to inspect, modify and enhance-is widely used and serves as the foundation for software applications across every industry. Open source software is so prevalent that many software code owners are not aware of all the open source components in their software.

15. Revit® is a commercial building information modeling (BIM) software by the company Autodesk. It's generally used by architects, structural engineers, mechanical, electrical, and plumbing (MEP) engineers, designers, and contractors. Autodesk Revit® allows users to create, edit, and review 3D models in exceptional detail.

16. Autodesk embraces open-source projects that incorporate and work with Revit's functionality. As stated by Autodesk itself: "Autodesk is committed to participating in the open source community as we accelerate design and make to serve customers today and tomorrow...and that's why we welcome innovators with opportunities to learn, contribute and grow through open collaboration."[1]

17. Autodesk has dozens of open-source projects available for collaboration – including those related to Revit®.[2]

### Evolve's Veras Product

18. Evolve's Veras product purports to utilize Artificial Intelligence (AI) technology to assist architects and other design professionals to create renderings in Autodesk Revit®, Rhinoceros, and similar design programs.

---

[1] https://opensource.autodesk.com/
[2] https://github.com/orgs/Autodesk/repositories

19. Evolve's Veras product is based on publicly available and generally known information.

20. Evolve claims that this product includes enhancement of other work products subject to open-source licenses as well as Evolve's own prompts and other proprietary information.

21. However, upon information and belief, Evolve's Veras product is based entirely on open-source information and codebases.

22. Taking Evolve's claims at face value and assuming arguendo that there is some Evolve "proprietary information" at play with its Veras product, it still does not have a basis for pursuing claims against Hardt as his open-source project ("Depic") relies on just that – open-source information and not Evolve's purported "proprietary information."

**Open-Source Text-to-Image Offerings**

23. There are many text-to-image generation code repositories available on the market. For example, the CompVis stable-diffusion repository is a text-to-image generation repository with over 9000 forks that is accessible via the World Wide Web and is freely available to all without any confidentiality restrictions on the information contained in the codebase.

24. There are a number of other text-to-image generation ability repositories that are similarly accessible via the World Wide Web and freely available to all such as the TencentARC GFPGAN repository, isl-org MiDaS repository, and InvokeAI repository.

25. These free, publicly available codebases not only contain information about text-to-image stable diffusion, but also about the source of where the information on those and other text-to-image generation algorithms and models can be found.

26. Text-to-image stable diffusion projects collect and aggregate information about text-to-image generation from a variety of publicly available sources, including but not limited

to, the latent-diffusion repository from CompVis, blogs that discuss machine learning and computer vision, websites that focus on computer science research, and university databases that share research from students and faculty.

27. For example, the "TLDR", "Github Explore", and "Voices of Open Source" mailing lists are available to anyone who wishes to be included. Archives of these mailing lists and others are also publicly available via the internet. These and other mailing lists serve as sources for science and futuristic technologies, artificial intelligence applications, computer design, and other open source and software development tools. Individuals who use these mailing lists and newsletters often send ideas, codes, and designs to multiple mailing lists or other sources for collaboration, feedback and troubleshooting.

28. By way of further example, text-to-image stable diffusion information is also available on publicly accessible websites such as https://github.com, https://huggingface.co, https://ommer-lab.com, https://openai.com/research, https://arxiv.org, https://www.reddit.com/r/StableDiffusion/. These sources of text-to-image stable diffusion information are well known to those in the computer vision and machine-learning developer community.

29. The Open Sourced AUTOMATIC1111 stable-diffusion-webui repository ("Automatic Web UI") was an open-end text-to-image stable diffusion project that started and launched on August 22, 2022.

30. The Automatic Web UI repository, which was freely accessible to the public, contained information about text-to-image stable diffusion. By 2023, the Automatic Web UI repository had broad coverage, code, forks and information of text-to-image stable diffusion and obtained over 3000 code commits.

31. Members of the public contributed ideas, code, forks and other information to the Automatic Web UI repository.

32. Upon information and belief, most or all of the information that was publicly available in the Automatic Web UI repository is contained in Evolve's Veras product.

33. No login was required to access the public, open-source Automatic Web UI repository and there were no confidentiality restrictions or other prohibitions on non-commercial use of text-to-image stable diffusion information in Automatic Web UI repository.

34. The website(s) through which the Automatic Web UI and related repositories were accessible posted certain license terms. Those license terms did not restrict non-commercial access to or use of text-to-image stable diffusion information in the Automatic Web UI repository.

35. The aforementioned license terms also did not restrict non-commercial sharing of text-to-image stable diffusion information in the Automatic Web UI repository so long as the codebase(s), or author(s), or web address (as applicable), was referenced as the data source for the text-to-image stable diffusion information.

36. The only prohibition imposed by the license on noncommercial access to the Automatic Web UI repository was a prohibition against obtaining data from the website in a programmatic fashion (such as scraping via enumeration a web robot, or a web crawler etc.).

37. Related text-to-image generation products include: OpenAI DALL-E, Midjourney, DreamStudio, Adobe Firefly, NightCafe, Playground AI, Lexica, and more. Any of these products will generate an image from a user-provided text prompt, with options to include a starting image.

38. Another text-to-image generation product with a connection to Revit® and other design software is ArkoAI. Like Evolve's Veras product, ArkoAI is able to source its starting image from Revit®, SketchUp, or Rhino.

39. Upon information and belief, Evolve used the data in the open-sourced and aforementioned codebases, which was publicly available and had been collected through, among other methods, the voluntary contributions of third parties, and used that data as the starting point for its Veras product.

40. Upon information and belief, for the next two years, the open-sourced and aforementioned codebases remained publicly accessible and Evolve continually used that data in its Veras product.

**Hardt's "Depic" Project**

41. Hardt's project is called "Depic." Depic uses a view captured from Autodesk Revit® to perform text-to-image stable diffusion, using prompts and other inputs from the user to customize the view to their liking.

42. The Depic user will write a prompt and adjust any other settings to their liking and then send the view and inputs to the AI process. When the AI process is completed, the new image is sent back and able to be viewed by the user.

43. The Depic project is entirely made up of open-source (and otherwise free) data. A complete list of the applicable open-source information and codebases is attached hereto as Exhibit A.

44. Having used open-source codebases and coding to create the Depic project, Hardt's intention was for it to be open-source and open to contributions from the Github community.

45. The incentive for others to contribute to the Depic project would come when someone wants to either fix a problem they are running into or develop a new feature they want but the developer(s) (in this case, Hardt) are not pursuing. Contributing to open-source projects is also a good exercise for people who are learning how to code.

46. The Depic project was approved for Github sponsors, which would have allowed people and companies to make donations to the project.

47. However, the Depic project was taken down at Evolve's insistence well before any donations could be made.

### Evolve Was Aware of and Supported Hardt's Depic Project

48. Hardt began working on parts of the Depic project in early 2023. In April 2023, Hardt called the project "SynapseSD." The component "gRPSynapse" was part of the project.

49. Given the open-source nature of Hardt's Depic project, Plaintiff did not hide it. To the contrary, Hardt made his project known to Evolve and even received support for it via Evolve's internal messaging board.



50. Evolve's CEO, Bill Allen, "hearted" Plaintiff's post.



**Evolve Baselessly Accuses Hardt of Violating its Intellectual Property Rights and Has Created an Immediate, Substantial, and Real Controversy**

51. On May 24, 2023, Evolve sent a letter to Hardt stating that if Hardt did not take down the Depic project from Github, Plaintiff would be violating their Non-Disclosure Agreement with Evolve ("NDA"). Ex. B (May 24, 2023 Evolve Letter).

52. Evolve further stated that Hardt's Depic project may infringe on Evolve's copyrights and constitute civil theft and that it may seek a temporary restraining order and injunction against Hardt as well as pursuing "all monetary damages available at law." Ex. 2 (May 24, 2023, Evolve letter).

53. Hardt, an individual, had little choice but to comply with Evolve's take-down letter and remove the Depic project from Github. Hardt, under the threat of litigation, is unable to collaborate with others or otherwise further develop his Depic project.

54. Contrary to Evolve's allegations, Hardt's Depic project uses its own independent access to the wealth of publicly available information concerning open-source text-to-image offering. Plaintiff has not misappropriated trade secrets, breached a NDA, or infringed on any copyright.

## COUNT I

### Declaratory Judgment of No Copyright Infringement by Hardt

55. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

56. This claim arises under the copyright laws of the United States, 17 U.S C. § 101 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

57. There is a real immediate substantial and justiciable controversy between Hardt and Evolve concerning whether Hardt's Depic project infringes any copyright Evolve purportedly has in its Veras product. Hardt faces both irreparable harm in reputation and financial losses if Evolve files a lawsuit for copyright infringement as a result of Hardt's Depic project.

58. This controversy is amenable to specific relief through a declaration of noninfringement, which would clarify the rights and legal relations of the parties concerning the ongoing and future conduct.

59. Evolve does not own any valid and enforceable copyrights in the contents and coding in the Veras product. The codebase contents underpinning the Veras product are not copyrightable subject matter under 17 U.S.C. § 102. The codebase contents are not original works of authorship because, among other reasons, they are not sufficiently creative and are derived from open-source, publicly-available information. The content and tools used in the Veras product does not reflect an original work of authorship or creativity by Evolve that would entitle it to copyright protection.

60. Even if the Veras product were protectable by copyright (it is not), Evolve has not registered it or any elements or portions of the codebases that it utilizes for copyright protection pursuant to the copyright statute.

61. Even if Evolve had valid copyright registrations for the Veras product and the codebases that it utilizes (it does not) Hardt's accused conduct does not infringe any of the exclusive rights afforded to a copyright owner under 17 U.S.C. § 106.

62. Further Evolve does not own intellectual property rights in the open-source material that was contributed to the codebases utilized by the Veras product because upon information and belief there was no signed writing pursuant to 17 U.S.C. § 204 transferring copyright ownership from the contributors of the codebases to Evolve.

63. Pursuant to the foregoing, Hardt is entitled to a judicial declaration of noninfringement for any purported Evolve copyright on the Veras product to preserve Plaintiff's rights, defend Plaintiff's good name, and protect the open-source nature of the image-to-text tools and resources at issue herein.

## COUNT II

**Declaratory Judgment of No Trade Secret Misappropriation By Hardt Under Defend Trade Secrets Act and Illinois Uniform Trade Secrets Act**

64. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

65. Evolve claims to be the owner of trade secrets contained in its Veras product but has failed to articulate what its alleged trade secrets are with any level of particularity, obscuring the identity of its alleged trade secrets while simultaneously accusing Hardt of misappropriating its purported trade secrets. In doing so, Evolve has created a real, immediate, substantial, and justiciable controversy between Hardt and Evolve as to whether Evolve's alleged trade secrets are valid, protectable and/or misappropriated, including whether Hardt's Depic project constitutes trade secret misappropriation under the Defend Trade Secrets Act and the Illinois Uniform Trade Secrets Act. Hardt faces both irreparable harm in reputation and financial losses if Evolve files a lawsuit for misappropriation of trade secrets as a result of Hardt's work on the

Depic project or even if it continues alleging that Hardt's conduct on the Depic project is actually a misappropriation of trade secrets.

66. This controversy is amenable to specific relief through a declaration of no valid or protectable trade secrets and no misappropriation which would clarify the rights and legal relations of the parties concerning the ongoing and future conduct.

67. None of Evolve's alleged trade secrets qualify for protection under the Defend Trade Secrets Act or the Illinois Uniform Trade Secrets Act. Among other things, Evolve's' alleged trade secrets were not created or developed by Evolve; are the subject of public knowledge and/or known to those in the field; were disclosed to others (either intentionally or through Evolve's failure to take reasonable measures to protect them); do not derive independent economic value actual or potential from not being generally known to the public or to other persons and/or were readily ascertainable by others in the field.

68. For example, and assuming that Hardt's Depic project has substantially similar components to the Veras product (it does not), as demonstrated in Exhibit A, the components of the Depic project are all derived from open-source information and codebases that remain publicly available. On information and belief, the Veras product merely compiles open-source information and data originally disclosed in various disparate sources known generally to those in the field of text-to-image rendering tools.

69. The type of information Evolve attempts to protect as a "trade secret" is readily ascertainable by those in the open source and text-to-image rendering community. The aforementioned mailing lists, public servers, and open-source communities manifest this as they are community-shared publications, communities, codebases and servers, detailing the types of text-to-image rendering capabilities of Revit® and the various programs, projects and plug-ins

that were created (and are constantly being created or bettered) to render text-to-image. Authors of such mailing lists, content creators on open-source communities and servers, and regularly skilled persons in this field can create tools like Veras and render images like Veras by using known software tools that utilize public online sources or compiling said tools manually as aided by the immense public-source and text-to-image communities. Therefore, because the information underpinning Veras is readily ascertainable, it does not derive independent economic value from not being generally known and is not a trade secret.

70. Even if Evolve had valid and protectable trade secrets related to the Veras product (it does not) they were not misappropriated by Hardt because they were not obtained and/or disclosed by any improper means, and Hardt used independent research and development, public knowledge, and Plaintiff's own innovations to create and refine the Depic project. Accordingly, Hardt's accused conduct does not constitute misappropriation or any unauthorized conduct under the Defend Trade Secrets Act or the Illinois Uniform Trade Secrets Act.

71. Because an actual controversy exists as to the purported existence, validity and enforceability, and misappropriation of Evolve's alleged trade secrets Hardt is entitled to and has an immediate need for a judicial declaration of no trade secret misappropriation under the Defend Trade Secrets Act and the Illinois Uniform Trade Secrets Act to preserve Plaintiff's rights, defend Plaintiff's good name, and protect Plaintiff's Depic project and the potential professional and business relationships that will arise through the open-source community collaboration and potential sponsorships.

## COUNT III
## Copyright Misuse

72. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

73. Evolve is engaging in anticompetitive behavior by threatening baseless litigation against Hardt. Evolve's threat to sue for copyright infringement is an attempt to restrain Hardt's lawful conduct based on feigned copyright rights. Evolve does not own any copyright rights in the Veras product or its contents. The codebases and open-source information underpinning the Veras product are not copyrightable subject matter under 17 U.S.C. § 102 because, among other things, they are not sufficiently creative.

74. The Veras product contains publicly available information and information from disparate sources outside of Evolve. The content within the Veras product does not reflect any original work of authorship or creativity by Evolve that would entitle Evolve to copyright protection.

75. Even if the Veras product and its contents were protectable by copyright (it is not) Evolve has not registered the underlying codebases or any elements or portions of the open-source components for copyright protection (nor could it) pursuant to the copyright statute.

76. Even if Evolve had valid copyright registrations for the Veras product and its contents (it does not) Hardt's accused conduct does not infringe any of the exclusive rights afforded to a copyright owner under 17 U.S.C. § 106.

77. Despite not having any valid copyright rights, Evolve has threatened that it will sue Hardt for copyright infringement. Evolve's goal is to restrain Hardt from using material over which Evolve itself has no rights and prevents Hardt from participating in the open-source

text-to-image communities, creating and developing the Depic project, and seeking sponsorships for Plaintiff's work on same, which constitutes copyright misuse.

## COUNT IV

### Declaratory Judgment of No Tortious Interference with Existing Contract or Business Expectancy

78. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

79. Evolve claims to have current and prospective economic relationships but has not articulated what those economic relationships are or how Hardt's open-source Depic project would tortiously interfere with those purported relationships while simultaneously accusing Hardt of tortious interference with Evolve's current and prospective economic relationships.

80. In doing so, Evolve has created a real immediate substantial and justiciable controversy between Hardt and Evolve as to whether Hardt has tortiously interfered with Evolve's alleged current and prospective relationships. This includes whether Evolve has a valid contract or a business expectancy with a reasonable certainty of being realized, whether Hardt had knowledge of either the contract or the expectancy, whether Hardt's conduct of creating and developing the Depic project intentionally interferes with the contract or the expectancy, and whether Evolve has suffered any resultant damage. Hardt faces both irreparable harm in reputation and financial losses if Evolve files a lawsuit for tortious interference with Evolve's current or prospective economic relationships as a result of Hardt's work on the open-source derived Depic project or even if it continues alleging that Hardt's conduct tortiously interferes with Evolve's business relationships.

81. This controversy is amenable to specific relief through a declaration of no knowledge by Hardt of any contract or business expectancy, no employing of improper means or methods by Hardt to intentionally interfere with Evolve's purported contracts or business expectancy, and no

damage to Evolve as a result of Hardt's participation in the open-source text-to-image communities, creation and development of the Depic project, and Plaintiff's potential sponsorships by others for Plaintiff's work on same, which would clarify the rights and legal relations of the parties concerning their ongoing and future conduct.

82. Even if Evolve had valid contracts or business expectancies with a reasonable certainty of being realized, Hardt had no knowledge of those relationships. And even if Hardt did have such knowledge (Plaintiff did not) Hardt's participation in the open-source text-to-image communities, creation and development of the Depic project, and Plaintiff's potential sponsorships by others for Plaintiff's work on same participation in the open-source text-to-image communities would not impact those purported relationships. In addition Hardt has not employed improper means or methods and therefore has not intentionally interfered with any Evolve contract or business expectancy. Accordingly, Hardt's accused conduct does not constitute tortious interference with a current or prospective business relationship.

83. Because an actual controversy exists as to the purported existence and Hardt's knowledge, of any Evolve contract or business expectancy, and whether Hardt employed improper means or methods to intentionally interfere with any Evolve contract or expectancy, Hardt is entitled to and has an immediate need for a judicial declaration of no tortious interference with an Evolve current or prospective business relationship to preserve Plaintiff's rights, defend Plaintiff's good name, and protect Plaintiff's Depic project and the potential professional and business relationships that will arise through the open-source community collaboration and potential sponsorships.

**PRAYER FOR RELIEF**

WHEREFORE, Hardt respectfully prays for judgment in favor of Hardt and against Evolve as follows:

A) for a judicial determination and declaration that Hardt has not infringed any copyright belonging to Evolve;

B) for a judicial determination and declaration that Hardt has not misappropriated any trade secret belonging to Evolve under either the Defend Trade Secrets Act or the Illinois Uniform Trade Secrets Act;

C) for a judicial determination and declaration that Evolve has engaged in unlawful copyright misuse;

D) for a judicial determination and declaration that Hardt has not tortiously interfered with an Evolve existing contract or business expectancy;

E) for damages;

F) for reasonable attorneys' fees and costs incurred in this suit as allowed by law and agreement of the parties; and

G) for such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: August 21, 2023

Respectfully submitted,

/s/ Ethan G. Zelizer
One of Plaintiff's Attorneys

Ethan G. Zelizer (#6280096)
HR Law Counsel, LLC
29 South Webster Street
Suite 350-C, Naperville, IL 60540
ethan@hrlawcounsel.com